THE PEOPLE v. THE CANAL BOARD *et al.*, appellants.

*Constitutional law — private acts — letting work on canals — State constitution, art.* 1, § 9, *art.* 3, § 16, *art.* 7, § 3.

The legislature, by an act entitled "An act in relation to completing work on Black Rock harbor, and at Lower Black Rock, Buffalo," directed the canal board to make an examination into the expense of certain work done under a contract, and if such expense exceeded the prices paid under the contract

to allow the difference to the contractor. *Held*, that the act is not a private one, under art. 3, § 16 of the constitution, and that it did not require a two-thirds vote under art. 1, § 9, thereof. *Held*, also, that it was not in violation of art. 7, § 3 of the constitution, in reference to letting work on the canals to the lowest bidder. *People* v. *Densmore*, *ante*, p. 280, followed.

APPEAL from a judgment rendered for the plaintiffs by the court at special term, in an action brought by the people to restrain the canal board from acting under chapter 740, Laws of 1872. The general term granted a preliminary injunction at the November term, 1872, and in January, 1873, the special term gave judgment for the plaintiff. The facts are as follows:

On the 6th day of August, 1870, the plaintiffs, after due advertising, entered into a contract with Charles P. Skinner, one of the defendants, the lowest bidder, for the performance of certain canal work at Buffalo, viz.: the deepening and improving the narrow canal in Black Rock harbor.

Subsequently, and on September 7, 1870, the same was assigned to George D. Lord, another of the defendants.

After such assignment, and about September 5, 1871, the canal board changed the plan of said work with the assent of Lord, and he went on with the work. The prices in the original contract were to apply when applicable, and certain prices were agreed upon for additional work.

About August 6, 1872, the canal board canceled and annulled the contract. And afterward, about September 30, 1872, a final account of work and materials under that contract, and under the aforesaid change of plan, was rendered. The same was paid October 3, 1872, and a receipt taken therefor in full, for all work done under the contract, and also for all work not included in said contract.

On the 16th of May, 1872, the legislature passed an act entitled "An act in relation to completing certain work in Black Rock harbor, and at Lower Black Rock, Buffalo " (ch. 740, Laws of 1872). This act does not, either according to the published volume or according to the copy on file in the office of the secretary of State, purport to have been passed by a two-thirds vote.

The act authorizes the canal board to make an examination into the expenditure made for deepening and improving the narrow canal in Black Rock harbor (and certain other work, specifying the same), and if they shall find, on such examination, etc, that the expenditures exceed the prices paid and allowed for said work, they

shall allow an amount therefor which shall not exceed the difference between the prices paid for said work and the actual cost thereof; but they shall allow an amount to cover the actual cost of said work.

On the 7th of November, 1872, the defendant Lord, as assignee of the defendant Skinner, applied by petition to the canal board to make the examination authorized by this act, and to make an allowance accordingly. Action thereon by the board was suspended on account of the pendency of this suit.

*Henry Smith*, for appellant.

*F. C. Barlow*, attorney-general, for respondent.

BOARDMAN, J. This is an action brought to restrain the canal board from acting under chap. 740, Laws of 1872, and to restrain the defendants, Lord and Skinner, from applying to said board under said act.

The action is attempted to be maintained upon the ground that said act is unconstitutional. 1st, because it violates art. 3, § 16 of the constitution in reference to private bills, and, 2d, because it violates art. 7, § 3 in reference to letting of work, etc., upon the canals by contract with the lowest bidder.

Upon these grounds the action was sustained in the courts below, and the defendants were enjoined. They now appeal to this court from such judgment.

The principles involved are almost identical with those in the *People* v. *Densmore* decided at this term (*ante*, p. 280). By the opinion of Mr. Justice PARKER in that case, in which I fully concur, it is held that an act of the legislature authorizing and allowing the examination and settlement of an equitable claim against the State is not a private act, nor is an appropriation for the payment of such sum as may be thus determined upon to be passed by a two-thirds vote of the legislature. Both are ordinary acts of sovereign power exercised by the State in doing justice to its citizens. If the facts showed that Lord and Skinner had rendered no services for the State, or that they had been paid the full value of such services, or that the moneys by said act to be paid them were a gift devoid of consideration, the act would certainly be a private act for the specific benefit of an individual not arising from any duty of the

State, or affording any benefit to it. But the act of 1872 (chap. 740) assumes that the work done under Skinner's contract may have cost a greater sum than the State has paid therefor, and that the State in that case would be under an equitable obligation to pay for such excess of cost. Hence, authority is given to ascertain what, if any, may be the amount of such excess, and for the payment of the same where ascertained.

It is an ordinary act of legislative power to recognize and pay the legal or equitable obligations of the State. The exercise of the power for such purposes is a public act because it is the discharge of a public duty.

It is no answer to say that such power may be perverted and mis-used. That it often has been is a melancholy fact.

That this case may prove to be such is possible. If our law makers are dishonest or negligent, if our agents are corrupt or weak, the people are still bound by their acts within the just limit of their powers. Within such limits courts can exercise no control.

It is, therefore, believed that the act in question is not a private act, nor is the money appropriated for a private purpose within the meaning of art. 1, § 9 of the constitution.

The same principles apply to the consideration of the action of the canal board in the matter of Skinner's contract. Originally, a valid contract was made for certain work and materials. Afterward the canal board increased the quantity of work, etc., without letting it by contract as required, but providing that Skinner should be paid according to the terms of the original contract as far as applicable, and estimating the cost or value of other work not so provided for.

The work is completed by Lord (Skinner's assignee), and he is paid therefor according to such original contract and estimates. But it is now alleged that such payments, for unforeseen reasons, were quite inadequate to cover the cost of the work done, that the work has been done at an actual loss to Lord, and that the State ought in justice to recognize such fact and make proper compensation. If that be true, and the whole truth, no one can doubt the justness of the claim. There is no legal claim such as could be enforced, if the State could be sued. The obligation arises from benefits done, services rendered, and values given to the State which the State has not adequately rewarded. The legislature is not prohibited from relieving even a contractor from a hard bargain. It is

not prohibited from doing justice to any of its employees. The State is not expected to make a profit out of individuals; still, when contracts are made between the State and individuals, their rights, respectively, should be controlled thereby. The right of the claimant to extra or additional compensation beyond the contract price should only be allowed in extreme cases. Least of all, should it be tolerated that such claims should be allowed as an evasion, or in fraud of the provision of the constitution requiring such contracts.

This case was decided upon a construction of the constitution which is deemed wrong.

The evidence upon which the defendants, Lord and Skinner, rely to raise an equitable or moral obligation on the part of the State to pay an indemnity, or increased compensation for the work done, was rejected upon the trial.

In this respect the court was in no situation to consider the question of consideration.

Upon a new trial such additional evidence will be offered as will give the court a better view of the relations of the parties, and the reasons, if any, why the State should become responsible for the additional compensation claimed.

For these reasons the judgment in this action should be reversed and a new trial granted, with costs to abide the event.

The injunction restraining action on the part of the defendants to stand until the further order of this court.

PARKER, J., concurred in the result.

*Judgment reversed and new trial granted.*